# In the United States Court of Federal Claims

DOROTHY M. HARTMAN,

        Plaintiff,

        v.

THE UNITED STATES,

        Defendant.

No. 20-cv-832

Filed: November 16, 2020

*Plaintiff*:  Dorothy M. Hartman, Philadelphia, PA, *pro se*

*Counsel for Defendant:*  Geoffrey Martin Long, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC

## MEMORANDUM AND ORDER

Plaintiff *pro se*, Dorothy M. Hartman, brings this claim against the United States, seeking redress for a variety of alleged government wrongdoing, including misappropriation of intellectual property rights and a decades long conspiracy to deprive her of those rights through a campaign of harassment.  *See generally* Complaint (ECF No. 1) (Compl.); Amended Complaint (ECF No. 13-2) (Amend. Compl.); "Plaintiff Pro Se Motion in Limine"[1] (ECF No. 26) (Motion in Limine).  In her filings, Ms. Hartman forcefully contends that this action should proceed under the Federal Tort Claims Act (FTCA).  *See* Compl. at 1-11; Amend. Compl. at 1; Plaintiff's Response to Defendant's Motion to Dismiss at 2 (ECF No. 16) (Pl. Resp.); "Plaintiff Pro Se Objection to Judge Roumel

---

[1] Plaintiff styled this filing a "Motion in Limine" but it appears to be a restatement or clarification of her complaints.  For clarity, this Court will use Plaintiff's designation when referring to the filing.

Order filed 9/17/2020" (ECF No. 24) (Motion to Reconsider) at 2, 8, 10-12;  Motion in Limine at 1-2.

Defendant moves to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (Rules).  *See* Defendant's Motion to Dismiss (ECF No. 14) (Def. Mot.) at 1.  Defendant asserts this Court lacks subject-matter jurisdiction to hear FTCA cases and that Plaintiff's repeated references to cases filed in other Federal courts are not jurisdictional hooks for the complaint to be heard before this Court.  *Id.* at 1-3.

Plaintiff filed a Response to Defendant's Motion to Dismiss, maintaining that this Court has jurisdiction to hear "[t]he FTCA claims or charges listed within the original complaint[.]"  *See* Pl. Resp. at 3.

For the reasons set forth below, Defendant's Motion to Dismiss (ECF No. 14) is **GRANTED** and Plaintiff's amended complaint is dismissed without leave to replead.  Plaintiff's Motion in Limine (ECF. No. 26) is **DENIED AS MOOT**.

## BACKGROUND

While the underlying facts as alleged in Ms. Hartman's filings are difficult to follow, it appears the events giving rise to her claims began in the early 1990s, when Plaintiff allegedly sought to develop a prototype internet business and search engine.  Am. Compl. at 1-32.  Those efforts included applying for a patent with the United States Patent and Trademark Office in 2004, which the Board of Patent Appeals and Interferences denied on indefiniteness grounds.  *See id.* at 23, 29-32; *In re Hartman*, 513 F. App'x 955, 955-56 (2013) (per curiam).  The United States Court of Appeals for the Federal Circuit affirmed the Board's denial in 2013, after Plaintiff challenged

the Board's findings. *See In re Hartman*, 513 F. App'x at 955-56.   In short, Plaintiff's efforts

were unsuccessful. *See id*. at 29-32; *In re Hartman*, 513 F. App'x at 957.

Plaintiff alleges that subsequently government entities took her ideas and, without her

permission, used those ideas to develop the second generation of the internet. *See* "Plaintiff

Motion To File Amended Complaint" (ECF No. 13) (Pl.'s Motion to Amend Compl.) at 2

("providing a way for the government to move forward with its idea of 'Free Internet' made 'free'

on the back of the inventor (Plaintiff) being treated as a slave with no Eminent Domain [sic] or

compensation of any kind."). Throughout the 1990s and 2000s, Plaintiff experienced financial

and legal struggles including mortgage payment problems, unsuccessful cases in Federal court,

and more. *See id*. at 2-4. Plaintiff contends that these setbacks were the result of a concerted

government effort to deprive her of alleged intellectual property rights and keep her too busy to

vindicate those purported rights. *Id*.


## APPLICABLE LEGAL STANDARD

Rules 12(b)(1) and 12(h)(3) require this Court to dismiss complaints that do not fall within

its subject matter jurisdiction. When considering a motion to dismiss based upon lack of subject

matter jurisdiction, this Court accepts as true all uncontroverted factual allegations made by the

non-movant and draws all reasonable inferences in the light most favorable to that party. *See Estes*

*Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *Pixton v. B&B Plastics, Inc.*,

291 F.3d 1324, 1326 (Fed. Cir. 2002). "If a motion to dismiss for lack of subject matter

jurisdiction, however, challenges the truth of the jurisdictional facts alleged in the complaint, . . .

[this Court] may consider relevant evidence to resolve the factual dispute." *Reynolds v. Army &*

*Airforce Exch. Serv*., 846 F.2d 746, 747 (Fed. Cir. 1988) (citations omitted); *see Banks v. United*

*States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014).  This Court must liberally construe the filings of *pro se* plaintiffs, such as Ms. Hartman.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, a *pro se* plaintiff still has the burden of establishing this Court's jurisdiction by a preponderance of the evidence.  *Reynolds*, 846 F.2d at 748; *Curry v. United States*, 787 F. App'x 720, 722 (2019) (citing *Kelly v. Sec'y U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).  As with all other litigants, this Court must have jurisdiction over claims brought by *pro se* litigants.  *See Reynolds*, 846 F.2d at 748.

## DISCUSSION

### I.      Motion to Dismiss

Throughout her filings, Plaintiff adamantly contends that she is bringing this action under the FTCA.  *See e.g.*, Pl.'s Motion to Amend Compl. at 1 ("Therefore Plaintiff objects to current cause of action as insufficient and seeks to clarify and make more definite her pleading as her complaint is filed under the **FTCA Act** [sic] and chronicles a history of evidence and witnesses that can validate her grievances and the extreme severity of the Government's violations and crimes committed against her.") (bolding in original); "Plaintiff Pro Se Motion in Reply to Defendant's Response to Motion in Limine" (ECF No. 28.) (Pl. Reply) at 2-3 (contending that her claims are "**FTCA claims advanced to this court in the proper manner** . . . **and [that she] still alleges that the Tucker Act is not a cause of action for her tort claims under the FTCA**") (bolding in original).

Viewing Plaintiff's amended complaint and arguments in the light most favorable to her, and affording Plaintiff leniency as a *pro se* litigant, Plaintiff cannot maintain an action in this Court because this Court is without jurisdiction to hear claims arising under the FTCA or otherwise

sounding in tort.   Under 28 U.S.C. § 1346(b)(1), "district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of [a government employee]."   28 U.S.C. § 1346(b)(1).   The Federal Circuit has unequivocally held the FTCA's grant of exclusive jurisdiction to "the district courts" does not include this Court.   *See U.S. Marine, Inc. v. United States*, 722 F.3d 1360, 1366 (Fed. Cir. 2013).   Furthermore, the Tucker Act excludes this Court from exercising jurisdiction over cases "sounding in tort." *See* 28 U.S.C. § 1491(a)(1); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008).

Plaintiff's evolving list of claims sound in tort and  Plaintiff has repeatedly insisted she is bringing these claims under the FTCA.   For example, in her amended complaint, Plaintiff chronicles, a series of tortious and other wrongs committed which were allegedly committed by private individuals and corporations, state and local governments, as well as the federal government.[2] *See e.g.,* Am. Compl. at 52-64, 122-28, 191.   In her Response to Defendant's Motion to Dismiss, Plaintiff recites eight main categories of claims into which she believes her alleged harms fall.   *See* Pl. Resp.  2.   Those categories include: "1) Illegal Seizure of Home 2) Illegal Seizure of Intellectual Property 3) Personal Injury that includes Invasion of Privacy 4) Legal Malpractice 5) Medical Malpractice 6) Theft, Fraud, Perjury and 7) Conspiracy to Obstruct Justice 8) Government Conflicts of Interest including violations of Eminent Domain Law" [sic].   *Id*. These are the "FTCA claims or charges" for which Plaintiff seeks redress. *Id*.  In her "Motion in Limine," Plaintiff expanded this list to eighteen distinct claims.   Motion in Limine at 1-2.   These

---

[2] To the extent that Plaintiff's claims can be construed against an entity other than the Federal government this court is without jurisdiction. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) (Tucker Act "jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States . . . relief sought [against parties other than the] United States . . . must be ignored as beyond jurisdiction of the court.").

include claims for: (1) "Illegal seizure of Property," (2) "Defamation," (3) "Theft," (4) "Invasion of Privacy," (5) "Fraud, Deceit, Perjury," (6) "Personal Injury," (7) "Eminent Domain," (8) "Legal Malpractice," (9) "Conspiracy to Constitutional and Civil Violations," (10) "Obstruct [sic] Justice," (11) "Medical Malpractice," (12) "Harassment, Vandalism," (13) "Infliction of Intentional Distress [sic]," (14) "Misappropriation of Trade Secrets," (15) "Infringement, copying and theft of Intellectual Property (cleaned up spacing)," (16) "Conspiracy to Defraud," (17) "Rico [sic] Activity," and (18) "Government Conflict of Interests Theory of Unjust Enrichment." *Id.*

Moreover, Plaintiff's filings have expressly disclaimed reliance on the Tucker Act and insist upon characterizing these as claims sounding in tort. For instance, in her Motion to Amend her complaint, Plaintiff notified the Court of the following:

> Plaintiff Pro Se was able to view the Docket and see Cause of Action listed as the **Tucker Act**, not reflective of page(s) of Pro Se original Complaint written under great duress created by hacking of documents on her computer by Internet vandals and lack of privacy, alleges Complainant and therefore thanks the Court for the opportunity to clarify and amend . . . Therefore Plaintiff objects to current cause of action as insufficient and seeks to clarify and make more definite her pleading as her Complaint is filed under the FTCA Act . . . ."

Pl.'s Motion to Amend Compl. at 1 (bolding in original). Because Plaintiff has directly asserted that she is attempting to bring "Tort Claims" (Amend. Compl. at 2) not within the purview of the Tucker Act, this Court must dismiss Plaintiff's amended complaint. *Rothing v. United States*, 132 Fed. Cl. 387, 390 (2017).

Finally, although it is unclear, to the extent that Plaintiff identifies a takings claim or a claim for patent infringement against the federal government, which may be facially within the purview of Tucker Act jurisdiction, these claims must also be dismissed under Rule 12(b)(6). *See XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1295 (Fed. Cir. 2018) (applying estoppel sua sponte to avoid "unnecessary judicial waste" (citing *Arizona v. California*, 530 U.S. 392, 412,

(2000))). The primary basis for each of Ms. Hartman's various claims seem to stem from her purported invention of the "internet 2." Am. Compl. at 29-32. However, as Ms. Hartman has acknowledged in her amended complaint, the Federal Circuit has already upheld the Board of Patent Appeals and Interference's denial of Ms. Hartman's patent application for inventing the internet. *See* Am Compl. at 106-110 *(*attaching the Federal Circuit's decision in *In re Hartman*, 513 F. App'x 955 (2013) (per curiam)). Though plaintiff alleges that the Federal Circuit erred in failing to "distinguish the Internet 1 and the Internet 2," (Am. Compl. at 30), this Court does not have authority to revisit the Federal Circuit's decision. *See* 28 U.S.C. § 1254 ("Cases in the courts of appeals may be reviewed by the Supreme Court . . . [b]y writ of certiorari . . ."). As the Federal Circuit has already determined that Ms. Hartman does not have a valid patent for inventing the internet, Plaintiff cannot succeed on either her related takings or infringement claims. Moreover, Plaintiff's sweeping and conclusory claims do not provide supporting facts necessary to meet the level of plausibility required by the Supreme Court's decisions in *Iqbal* and *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that to avoid dismissal a complaint must "'state a claim to relief that is plausible on its face'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

## **CONCLUSION**

For the foregoing reasons, this Court **GRANTS** the Defendant's Motion to Dismiss (ECF No. 14) pursuant to Rules 12(b)(1) and 12(h)(3).[3] Because this Court finds that Plaintiff cannot plead any facts that would plausibly state a claim for relief, Plaintiff's amended complaint is

---

[3] As noted, to the extent that Plaintiff identifies a takings claim or a claim for patent infringement against the federal government, those claims are dismissed pursuant to Rule 12(b)(6). *See infra* at 6-7.

dismissed without leave to replead.  Plaintiff's Motion in Limine[4] (ECF. No. 26) is **DENIED AS MOOT.**  The Clerk of the Court is directed to enter judgment for Defendant and mark this case as closed.

      IT IS SO ORDERED.

  s/Eleni M. Roumel  
ELENI M. ROUMEL
Chief Judge

November 16, 2020
Washington, D.C.

---

[4] To the extent Plaintiff's Motion in Limine can be construed as a motion to further amend her amended complaint, the proposed amendment would be futile. *Cultor Corp. v. A.E. Staley Mfg. Co*., 224 F.3d 1328, 1333 (Fed. Cir. 2000); *see also Leider v. United States*, 301 F.3d 1290, 1299 n.10 (Fed. Cir. 2002).  Plaintiff further denies it is her intention to amend her complaint through such Motion in Limine.  *See* "Plaintiff Pro Se Motion in Reply to Defendant's Response to Motion in Limine" (ECF No. 28) (Pl. Reply) at 2.